# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,        :        Case Nos. 1:92-cr-015; 1:97-cv-609;
                                                 1:05-cv-207

                                                 District Judge Sandra S. Beckwith
      -vs-                         Magistrate Judge Michael R. Merz

                                             :

CHRISTOPHER L. SOLOMON,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Motion Pursuant to Fed. R. Civ. P. 60(b) Requesting Court to Issue Ruling on Claim Raised in Motion Pursuant to 28 U.S.C. § 2255 (Doc. No. 199). As grounds for relief from judgment, Mr. Solomon asserts the Court confused two of his ineffective assistance of trial counsel claims and therefore decided only one of them. He asserts now that he made two separate claims: 1) that his trial counsel was ineffective in plea negotiations, resulting in Defendant's rejection of a promise of ten years' imprisonment and 2) that his trial counsel was ineffective in failing to seek a conditional guilty plea agreement. (Motion, Doc. No. 199, at 2).

A motion under Fed. R. Civ. P. 60(b) may properly be used in a habeas corpus of § 2255 proceeding to call the Court's attention to an error in its judgment, without seeking prior leave from the Court of Appeals. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Having been filed within one year of final judgment, the Motion is also timely. However, the Motion is without merit as both the Magistrate Judge and the District Judge distinctly ruled on both ineffective assistance of trial counsel claims and the Court of Appeals denied a certificate of appealability.

Mr. Solomon's pleading of ineffective assistance of trial counsel in his § 2255 Motion was quite complicated and extended over many years. After the evidentiary hearing in this matter, the Magistrate Judge summarized Defendant's claims of ineffective assistance of trial counsel as follows:

> As the Court understands Mr. Solomon's position after the evidentiary hearing, it is that his trial attorney, R. Michael McEvilley, was ineffective in several respects:
> 1. He did not file a motion to suppress the seized evidence.
> 2. He did not arrange for Defendant to hear the tapes prior to trial.
> 3. He did not investigate who had the right to occupy 2456 Nottingham so as to file a motion to dismiss the indictment prior to trial for outrageous government conduct in "seizing" that address in which to conduct the drug transaction.
> 4. He did not adequately prepare to present a defense that Solomon intended to sell fake drugs and not crack cocaine, nor adequately present the motion for continuance to obtain expert testimony on this subject or lay testimony from Otto Gooden.
> 5. He did not prepare to present an entrapment defense.
> 6. He did not adequately represent Defendant in plea negotiations.

(Report and Recommendations of April 28, 2008, Doc. No. 175, at 17-18). In the same Report, the Magistrate Judge found Ground No. 17, the failure to negotiate a conditional plea agreement, to be barred by the statute of limitations because it was not based on the same operative facts as the other plea negotiation argument and therefore it did not relate back to the original § 2255 Motion. *Id*. at 10.

Petitioner objected to the untimeliness finding (Objections, Doc. No. 179, at 5-6). In the same document but separately, he objected to the proposed disposition of the other ineffective assistance of trial counsel in plea negotiations claim, to wit, that his counsels' failure to tell him that outrageous government conduct had to be raised pretrial led him to reject the ten-year sentence offer. *Id*. at 24-25. Thus Petitioner recognized that the Magistrate Judge had in fact given a separate, detailed analysis on each of these claims.

In adopting the Report and Recommendations, Chief Judge Beckwith expressly overruled all of Petitioner's objections (Order, Doc. No. 193, at 1.) Having overruled the objection as to Ground 17, she also held it was "utterly" without merit. *Id*. at 12-15. The separate claim of ineffective assistance of trial counsel is also rejected on the merits. *Id*. at 22. Thus the record demonstrates that Chief Judge Beckwith considered these two claims separately although she found that the same analysis applied to the merits of both claims.

Chief Judge Beckwith denied Defendant any certificate of appealability. *Id*. at 23. Separately considering that question, the Sixth Circuit also denied a certificate of appealability (Doc. No. 198).

In sum, Defendant is wrong in claiming that one of his ineffective assistance of trial counsel claims has not been decided. His Motion should be denied and he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability on the Motion.

September 22, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).